KELLOG-MACKEY-CAMERON COMPANY, Appellant, v. J. M. CURTICE, Respondent.

Kansas City Court of Appeals, February 19, 1912.

1. **REPLEVIN: Possession of Property.** Replevin will not lie where plaintiff is not entitled to the possession of the property.

2. ———: ———. Where goods are sold and delivered unconditionally and the title passed to the purchaser, the seller cannot take the goods from a third person by replevin as he (the seller) is not entitled to their possession.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell,* Judge.

AFFIRMED.

*J. Allen Prewitt* for appellant.

(1) Under the evidence it stands undisputed that plaintiff, as "material man," furnished the radiators to Rood & McIntyre, contractors, to be put in the Curtice residence. Plaintiff was therefore entitled to the benefits of mechanic's lien statute, Sec. 8212, R. S. 1909; Smith & Co. v. Spear, 65 Mo. App. 87; Thompson & Co. v. Massey, 76 Mo. App. 197. It is well settled law that a case cannot be tried on one theory in the lower court and on another in the appellate. Aside from the many decisions on this point we cite only the last. Weber v. Strodbel, 139 Sweiern, 188. (2) Plaintiff undoubtedly had a right to rescind the contract under the facts in this case. Lennon v. Seibel, 135 Mo. 261; Kingman-Moore v. Implement Co., 125 Mo. App. 699. Under the facts and the evidence the instructions in this case were more favorable to defendant than they ought to have been. There should have been a peremptory instruction for plaintiff. Coleman v. Reynolds, 207 Mo. 477. The appellate court is reluctant to interfere with the lower court in its dis-

cretion in granting a new trial. But where, as·here, a new trial could serve no useful purpose whatever and the granting thereof was so clearly a mistake, it is the duty of the appellate court to reverse.

*Geo. S. Bryant, Jr.,* and *A. N. Gossett* for respondent.

(1) The evidence shows no diversion, the radiators were sold to Rood & McIntyre for the Curtice job and were there delivered. No expectant lien right of plaintiff was defeated. The bankruptcy of Rood & McIntyre would not interfere as their trustee could install the radiators or the defendant himself had the right to do so and in either event any lien right which plaintiff may have had would be perfect. See Lumber Co. v. Lumber Co., 72 Mo. App. 248. (2) The transit of the radiators was complete. The plaintiff had delivered the actual possession to Rood & McIntyre and said firm had delivered possession of same to this defendant. There was no right of stoppage in *transitu.* Heinz v. Railroad, 82 Mo. 233. (3) Where fraud or misrepresentation is absent, as it is in this case, no right to rescind exists. The title had certainly passed from plaintiff. Replevin would not lie and plaintiff had no right to reduce the radiators to possession. Tile Works v. Cole, 53 Ill. App. 483.

BROADDUS, P. J.—Replevin. This suit was commenced in a justice court where it was tried and judgment had from which appeal was taken to the circuit court. The plaintiff claims to be entitled to the possession of sixteen radiators of the value of $133.83 in the possession of and detained by defendant.

The facts are that sometime in the fall of 1909, the defendant, Curtice, entered into a contract with Rood & McIntyre, a co-partnership engaged in the busi-

ness of selling and installing heating plants, to install one for him at Independence, Missouri. It was shown that this co-partnership carried a stock of material in their own store at Kansas City which they drew on in carrying out the contract with defendant; but that they ordered the radiators in question from the plaintiff. Plaintiff's sale to Rood & McIntyre was unconditional and on time. They were shipped from plaintiff's factory in Illinois about January 5, 1910, to Rood & McIntyre at Kansas City, Missouri. When they arrived at Kansas City the tags were changed by the consignee from the firm name to that of defendant at Independence and were delivered to him, and were in his possession at the time plaintiff's suit was begun. The plaintiff gave no replevin bond, consequently the property remains in the possession of defendant.

On January 17, 1910, Rood & McIntyre filed their petition in bankruptcy at which time plaintiff first learned of their insolvency. There was evidence that Curtice had made some payment to said co-partnership on the said contract, but the radiators were not installed in his building. The plaintiff recovered judgment which the court set aside upon motion of defendant for a new trial. From the action of the court in setting aside the judgment plaintiff appealed.

The action of the court must be upheld for the reason that under the facts plaintiff was not entitled to recover because it was not entitled to the possession of the property in controversy. The sale to Rood & McIntyre was unconditional and passed to them the title to the property. Because the co-partnership went into bankruptcy did not affect the right of property in the radiators so far as plaintiff was concerned. At the time the suit was begun the trustee in bankruptcy had not asserted his right to the property, but he may do so at any time as the title to the same is in the bankrupt co-partnership. And the fact that plaintiff

cannot under the circumstances enforce a material man's lien on the defendant's building does not give it the right of possession. Its remedy like that of every other creditor is to file its claim in the bankrupt court and have it allowed against the estate of the bankrupts.

Appellant contends that it had the right to rescind the contract of sale of the materials. We know of no law to that effect. Plaintiff has no grounds for rescission of the contract except that the purchasers failed to pay for the goods. Plaintiff having failed to show any right to the possession of the goods the cause is affirmed. All concur.